# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH

CLAUDE RAYMOND COX                                                    PLAINTIFF

v.                                                 CIVIL ACTION NO. 5:11CV-P95-R

DEPARTMENT OF CORRECTIONS *et al.*                                    DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Claude Raymond Cox filed a *pro se* civil complaint seeking a writ of mandamus

asking the Court to compel the Kentucky Department of Corrections to provide him with copies

of all Correctional Policies and Procedures (CPPs).

In filing the civil action, Plaintiff neither paid the $350.00 filing fee nor filed a request to

proceed *in forma pauperis*. For the reasons set forth below, the Court finds that Plaintiff is not

entitled to proceed *in forma pauperis* and must pay the $350.00 filing fee.

Title 28, United States Code, section 1915 governs proceedings *in forma pauperis* and

provides, in pertinent part, as follows:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The only exception to the limitation noted in § 1915(g) is if the prisoner is

"under imminent danger of serious physical injury." *Id.*

Plaintiff has filed numerous civil actions while incarcerated in the Commonwealth of

Kentucky, and at least three of those actions were dismissed because they were frivolous,

malicious, or failed to state a claim upon which relief may be granted.  *See, e.g., Cox v. Parke et al.*, Civil Action No. 3:92CV-214-S; *Cox v. Combs et al.*, Civil Action No. 3:92CV-219-M; and *Cox v. Parke et al.*, Civil Action No. 3:92CV-257-S.  Despite the fact that many of Plaintiff's actions were dismissed prior to the effective date of the Prison Litigation Reform Act and the resulting amendments to § 1915, those actions may be counted toward the commonly called "three strikes" provision of § 1915(g).  *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

Further, Plaintiff does not allege that he is presently "under imminent danger of serious physical injury."

For these reasons, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis*.

**IT IS THEREFORE ORDERED that Plaintiff must pay the requisite $350.00 filing fee for the instant action to the Clerk of this Court within 30 days from entry of this Order**.

Plaintiff shall send the $350.00 to the Clerk for full payment of the filing fee.  **The payment shall be made payable to "Clerk, U.S. District Court" and sent to the following address:**  Office of the Clerk, United States District Court, Western District of Kentucky, 106 Gene Snyder U. S. Courthouse, 601 West Broadway, Louisville, Kentucky 40202-2249.

**Plaintiff is WARNED that his failure to comply with this Order within the time allotted will result in dismissal of the action and his continued responsibility for payment of the $350.00 filing fee.**  *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) ("The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full.").

The **Clerk of Court is DIRECTED to open an account** for the payment of the filing fee.

Date:

cc:     Plaintiff, *pro se*
        Financial Section, USDC, WDKY
        KSP, Attn: Inmate Accounts #155616, P.O. Box 5128, Eddyville, KY 42038
4413.005